**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-1340 & 18-2841
_____

JAMAAL GITTENS,
                            Appellant

v.

ELIZABETH KELLY; ERIE COUNTY DOMESTIC RELATIONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:17-cv-00309)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2018
Before:  MCKEE, COWEN, and ROTH, Circuit Judges

(Opinion filed November 4, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jamaal Gittens appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his civil rights action. For the following reasons, we will affirm the judgment of the District Court.

In September 2017, Gittens filed a complaint under 42 U.S.C. § 1983, challenging a state court order declaring him to be the biological father of a child and requiring him to pay child support. He sought monetary damages and vacatur of the state court order. Gittens named as defendants Judge Elizabeth K. Kelly and the Domestic Relations section of the Erie County Court of Common Pleas. By order entered November 16, 2017, the District Court sua sponte dismissed the complaint, holding that Gittens' claims were barred by the Rooker-Feldman doctrine, the Younger abstention doctrine, and Eleventh Amendment immunity. Gittens appealed.[1]

The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. The Supreme Court has emphasized the narrow scope of the doctrine, holding that it is confined to "cases brought by state-court

---

[1] We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); cf. Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (exercising plenary review over district court's invocation of the Rooker-Feldman doctrine); FOCUS v. Allegheny Cty. Court of Common Pleas, 75 F.3d 834, 843 (3d Cir. 1996) ("We exercise plenary review over the legal determinations of whether the requirements for Younger abstention have been met and, if so, we review the district court's decision to abstain for abuse of discretion").

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). "[F]our requirements … must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil, 544 U.S. at 284) (alterations in original). These requirements are met here. Gittens complained that he was injured by a state court judgment that required that he pay child support, the judgment predated his federal complaint, and he asked the District Court to invalidate that judgment.

To the extent that the state court proceeding regarding Gittens' child support obligations were ongoing, the District Court properly invoked the Younger abstention doctrine.[2] See Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is required if there are continuing state proceedings which are judicial in nature, which implicate

---

[2] We grant Gitten's "Motion Amending Appellant Brief," wherein he explains that the Pennsylvania Supreme Court denied his petition for allowance of appeal on January 29, 2019. That decision by the Pennsylvania Supreme Court does not affect our determination that the District Court properly applied the Younger abstention doctrine. We also grant Appellant's "Motion for Consideration Amending Appellant's Brief" and his "Motion Amended Appellant's Brief" to the extent that he seeks to expand on arguments raised in his already filed-brief. In all other respects, the motions are denied.

important state interests, and which afford an adequate opportunity for the appellant to present his federal claims. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010). Here, the District Court correctly applied our decision in Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003), where we concluded that abstention was proper where persons held in civil contempt for failing to comply with their child support orders alleged violations of their due process rights.

The District Court also properly held that Gittens' claims were barred by immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Although Gittens asserted that Judge Kelly acted "outside her judicial capacity," he principally complained that the child support order was entered in error because he had demonstrated that he did not know the child's mother and did not spend time in Pennsylvania. Such allegations are insufficient to overcome judicial immunity. See Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (holding that judicial immunity extends to judicial officers, even if their actions were "'in error, w[ere] done maliciously, or w[ere] in excess of [their] authority,'" unless the officers acted in clear absence of all jurisdiction (quoting Azubuko, 443 F.3d at 303)). Furthermore, Pennsylvania's judicial districts, including the Erie County Court of Common Pleas and its Domestic Relations section, are entitled to Eleventh Amendment immunity. See Haybarger v. Lawrence Cty. Adult Prob. & Parole,

4

551 F.3d 193, 198 (3d Cir. 2008).  Finally, we note that "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes."  Callahan v. City of Philadelphia, 207 F.3d 668, 674 (3d Cir. 2000).

For the foregoing reasons, we will affirm the judgment of the District Court.